UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

| | |
|---|---|
| JENNIFER MOLOSSO | CIVIL ACTION NO.  23-567 |
| VERSUS | JUDGE DONALD E. WALTER |
| BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM | MAG. JUDGE KAYLA D. MCCLUSKY |

---

### ORDER

Before the Court are opposed motions to extend the discovery deadline and to defer consideration of the pending motion for summary judgment (Record Document 50) pursuant to Federal Rule of Civil Procedure 56(d) filed by Plaintiff, Jennifer Molosso ("Molosso"). See Record Documents 52 and 53. Molosso moves this Court to (1) defer ruling on the pending motion for summary judgment filed by Defendants, the Board of Supervisors of Louisiana System d/b/a ULM, Dr. Mark Arant, and Dr. Donald Simpson (collectively, "Defendants"), "until Plaintiff has had an opportunity to complete necessary discovery;" (2) extend the discovery deadline from March 24, 2025, to April 25, 2025, to allow Molosso to conduct necessary depositions; and (3) extend the deadline for Molosso to oppose summary judgement from March 13, 2025, to May 15, 2025, to allow Molosso "to obtain and review deposition transcripts critical to developing key elements of her case." Record Document 53 at 1. Defendants filed an opposition for the motion to extend the discovery deadline. See Record Document 55.

Rule 56(d) allows the Court to defer consideration of or deny a motion, to provide for additional time to obtain affidavits or declarations or to conduct discovery, or to issue other appropriate orders where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d) motions are "'broadly

favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)). The non-movant must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Am. Fam. Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013).

Here, the Court finds that Molosso is entitled to a short extension to file her opposition and to deferred consideration under Rule 56(d). In her Rule 56(d) motion filed on March 12, 2025, Molosso's counsel attached an affidavit explaining that she has not had the opportunity to meaningfully review the approximately 5,000 documents and records produced by Defendants in discovery on December 23, 2024. See Record Document 54 at ¶¶ 6, 12. She asserts that review of these documents is essential for identifying comparators and faculty members who need to be deposed. See id. at ¶ 14. She also asserts she needs additional time to conduct those depositions. See id. at ¶ 16. Molosso's counsel's affidavit sets forth a plausible basis that the depositions may be completed in "a reasonable time frame" and "will influence the outcome of the pending summary judgment motion." Biles, 714 F.3d at 894.

However, Molosso is not entitled to a discovery deadline extension under Rule 56(d). "If the requesting party 'has not diligently pursued discovery . . . she is not entitled to relief' under Rule 56(d)." McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014) (quoting Beattie v. Madison Cnty. Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001)). Molosso has had since December 23, 2024, to conduct discovery and depositions. Indeed, the Court previously extended the

discovery deadline from December 9, 2024, to March 24, 2025, specifically to allow for that discovery. See Record Documents 48 and 49. The Court understands the produced documents are voluminous, but the submitted affidavit makes clear that Molosso has not used this continuance to diligently pursue discovery in this case. Notably, despite expressly naming three faculty members she needs to depose, one of whom is a *named defendant*, Defendants assert Molosso has failed to schedule a single deposition of any University of Louisiana at Monroe employee. See Record Documents 54 at ¶ 14 and 55 at 1. Further, during this continuance, Molosso's counsel has prioritized other cases. See id. at ¶¶ 7-12. While the Court understands counsel had other responsibilities, "a party suspends discovery at [her] own risk." Beattie, 254 F.3d at 606. See also Dominick v. Mayorkas, 52 F.4th 992, 996 (5th Cir. 2022) ("Because Dominick failed to diligently pursue her limited discovery needs during the two-month continuance, the district court did not abuse its discretion in denying her Rule 56(d) motion.").

Finally, Molosso waited until the eve of her responsive deadline to file this request. Defendants filed the motion for summary judgment on February 20, 2025, and in the approximately twenty days between the filing of that motion and the instant motion, Molosso did not suggest she would be unable to file a timely opposition because of discovery issues. Extending the discovery deadline at this late hour would not allow for the timely determination of that pending motion. Thus, the Court finds that Rule 56(d) relief is justified only to the extent that Molosso may wait until after the close of discovery to file her opposition. This extension will give Molosso additional time to conduct the identified discovery while also allowing the Court to timely address the pending motion for summary judgment.

For the foregoing reasons,

**IT IS ORDERED** that Molosso's Rule 56(d) motion (Record Document 53) is **GRANTED** only to the extent that the deadline for Molosso to oppose the pending motion for summary judgment (Record Document 50) is hereby **EXTENDED** from **March 13, 2025,** to **April 4, 2025**. The Court will not consider the pending motion for summary judgment until briefing is complete. The Rule 56(d) motion (Record Document 53) is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Molosso's motion to extend discovery (Record Document 52) is **DENIED**.[1]

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of March, 2025.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order may only be modified "for good cause and with the judge's consent." "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks omitted). For the reasons set forth *supra*, Molosso has not satisfied this standard, and an extension of the discovery deadline is not warranted.