# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

---

JENNIFER MOLOSSO          CIVIL ACTION NO.  23-567

VERSUS          JUDGE DONALD E. WALTER

BOARD OF SUPERVISORS UNIVERSITY OF     MAG. JUDGE KAYLA D. MCCLUSKY
LOUISIANA SYSTEM

---

## ORDER

Before the Court is a motion for reconsideration filed by Plaintiff, Jennifer Molosso ("Molosso"). See Record Document 57. Molosso moves this Court to reconsider its order denying her motion to extend the discovery deadline (Record Document 52) and denying in part her Rule 56(d) motion (Record Document 53) to defer consideration of the pending motion for summary judgment (Record Document 50), to extend the discovery deadline, and to extend the opposition deadline. See Record Document 56. In its order, the Court granted Molosso's request to defer consideration of the pending motion for summary judgment and extended the opposition deadline to April 4, 2025. See id. It denied the motion in all other respects. See id. Molosso contends reconsideration of that order "is warranted . . . in light of manifest errors of fact and law and new evidence clarifying the necessity of additional discovery." Record Document 57 at 1. Defendants, the Board of Supervisors of Louisiana System d/b/a ULM, Dr. Mark Arant, and Dr. Donald Simpson (collectively, "Defendants"), advised the Court that they oppose the motion for reconsideration.

The Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider per se. See Cormier v. Turnkey Cleaning Servs., L.L.C., 295 F. Supp. 3d 717, 719 (W.D. La. 2017). In the Fifth Circuit, motions to reconsider have consistently been construed as motions seeking

relief under Rules 54(b), 59(e), and 60(b), which generally allow for the alteration or amendment of a judgment or order. Id. Here, Molosso cites Rule 54(b) as the basis for relief. See Record Document 57 at 2. Rule 54(b) vests a district court with the authority to revise an interlocutory order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) permits a district court to 'reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" AIG Specialty Ins. Co. v. Agee, No. 24-30245, 2025 WL 655069, at *4 (5th Cir. Feb. 28, 2025) (quoting Six Dimensions, Inc. v. Perficient, Inc., 969 F.3d 219, 227 (5th Cir. 2020)).

In the instant motion, Molosso urges that denying her adequate time to review the Defendants' "late-stage document dump of nearly 5,000 pages" would "place her at an insurmountable disadvantage" because "the ability to fully develop the factual record before opposing summary judgment is critical." Record Document 57 at 3. She notes that plaintiff attorneys often "must balance a full caseload, work within tight budgets, and make cost-conscious decisions to provide high-quality representation while ensuring that cases are not financially untenable for their clients." Id. at 5. Consequently, Molosso's counsel claims her decision to review the compelled documents before proceeding with the depositions was "a strategic and well-prepared approach to depositions." Id. at 3. She maintains that this approach "is not a delay tactic, but a proven strategy for success" and that "civil right plaintiffs usually must rely upon extensions to complete discovery in a cost-effective manner." Id. at 6-7. Molosso's counsel additionally argues that she did not improperly prioritize other cases over the instant matter but rather made a "necessary effort to balance multiple litigation demands while ensuring that all cases, including this one, received due attention." Id. at 4. Molosso concludes that "[d]enying Plaintiff this

opportunity would not only prejudice her ability to present her claims but also reinforce systemic barriers that already make it disproportionately difficult for employment law plaintiffs to survive summary judgment in federal court." Id. at 8. In sum, Molosso argues it would be manifestly unjust to deny her of the opportunity to complete discovery prior to filing her opposition. See id. at 7.

Having considered Molosso's motion, the Court finds no sufficient reason for reconsidering its previous order. Despite what Molosso seems to suggest, the Court's order is not "penaliz[ing] Plaintiff simply because she used a more financially responsible approach to document review." Id. at 6. The Court is neither penalizing nor punishing any party—it is enforcing the discovery deadline it set on December 16, 2024, specifically to allow for the discovery and review of the compelled documents. See Record Document 49. The Court understands Defendants produced a large volume of documents,[1] Molosso's counsel had deadlines and responsibilities in other cases,[2] and plaintiff attorneys often must make cost-conscious decisions. But that simply does not excuse Molosso's counsel from either diligently pursuing discovery in this case or informing the Court of her inability to meet the deadlines at an earlier point.[3]

---

[1] Molosso asserts that the Court previously overlooked the timing and volume of the Defendants' production of documents in this case. See Record Document 57 at 3. This is incorrect. In its prior order, the Court specifically noted both the timing and large volume of discovery. See Record Document 56 at 1-2.

[2] In response to the Court's order noting that she did not diligently pursue discovery because she prioritized other cases, Molosso's counsel queries "[w]hich federal judge was the undersigned counsel not supposed to prioritize?" See Record Document 57 at 4, n. 1. The Court's order did not in any way suggest Molosso should have ignored her responsibilities in other cases. As the Court previously explained, "[i]f the requesting party 'has not diligently pursued discovery . . . she is not entitled to relief' under Rule 56(d)." McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014) (quoting Beattie v. Madison Cnty. Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001)). The Court understands counsel had other court obligations but that does not excuse her from diligently pursuing discovery in this case or, at the very least, *timely* informing the Court of her need for more time to pursue discovery in light of her other obligations.

[3] Molosso's counsel states that the motion for summary judgment was filed on February 20, 2025, she was in trial until February 21, 2025, and she did not return to her office until February 24, 2025, at which point she was "required to attend to matters which had accumulated in her absence

Upsetting the discovery deadline at this juncture would not allow this Court to timely address the pending motion for summary judgment. Further, any such order would likely impact all other remaining trial deadlines. For the reasons expressed herein and in its prior order, the Court finds Molosso is not entitled to a discovery deadline extension under Rule 56(d). The Court finds no sufficient reason for reconsidering its prior order.

Accordingly, Molosso's motion for reconsideration (Record Document 57) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 19th day of March, 2025.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

. . . , to prepare clients for a complicated settlement conference . . . on February 26, 2025 and meet other briefing deadlines." Record Document 57 at 7. This explanation does not account for why Molosso did not inform the Court of her other case obligations or her need for more time to complete discovery at an earlier point. Many of the cases counsel worked on involved deadlines and trials that were set in advance. Any issues conducting discovery based on her caseload should have been apparent long before Molosso's counsel chose to file this request. At this late juncture, granting her request would result in further undue delay for a case that has been pending since 2023 and has already been continued multiple times.