UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JENNIFER MOLOSSO** | **CASE NO.  3:23-CV-00567** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Compel Discovery Responses [doc. #62] filed by Plaintiff Jennifer Molosso. The motion is opposed. [doc. #65]. For reasons assigned below, **IT IS ORDERED** that the Motion to Compel Discovery Responses is **DENIED IN PART** and **DENIED AS MOOT IN PART**, and the associated request for costs and fees is **DENIED**.[1]

### Background

On May 1, 2023, Molosso filed the instant Complaint against Defendants Board of Supervisors of the University of Louisiana System, d/b/a University of Louisiana at Monroe ("ULM"); Provost Mark Arant ("Arant"); Dean Donald Simpson ("Simpson"); and any undiscovered or unnamed policymakers, enforcement officers, and supervisors at or about the time complained of (collectively "Defendants"). [doc. #1]. Molosso alleges that she was subjected to

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a).

discrimination based on race and disability, disparate treatment compared to other students, violations of her equal protection and due process rights, intentional infliction of emotional distress, and a breach of contract by Defendants. (Complaint [doc. #1, pp. 1-2]). These claims arise from Molosso's time as a student in ULM's Nursing Program, where she contends ULM wrongfully denied her a Bachelor of Science degree in nursing, or alternatively, denied her the right to complete the requisites for said degree. *Id.* at p. 1. Molosso was admitted to the program in Fall 2018 and was ultimately dismissed following the Spring 2022 semester. *Id.* at pp. 3, 9.

On July 26, 2024, Molosso filed a Motion to Compel. [doc. #31]. The motion was opposed. [doc. #35]. The undersigned issued a Memorandum Order granting the motion in part and denying it in part. [doc. #39]. Molosso filed a Motion for Reconsideration [doc. #40] arguing the Court improperly limited discovery. Defendants filed an opposition. [doc. #42]. The Court issued a Memorandum Order granting in part and denying in part the Motion for Reconsideration, finding that the first Memorandum Order was too restrictive, and thus expanding the scope of production. [doc. #44]. It was ordered that Defendants were to produce comparator students' school files from the time they were enrolled in ULM's Nursing Program. As a result of this production order, Defendants produced 4,690 pages of documents, consisting of comparator student files.

On March 24, 2025, Molosso filed a Motion to Compel Discovery Responses. [doc. #62]. Molosso alleges that despite this Court's prior ruling on the first motion to compel and the issuance of a protective order, Defendants have failed to produce certain materials and information in violation of their discovery obligations. *Id.* Molosso requests that this Court compel Defendants to fully and completely respond to a number of requests for discovery and to award attorney's fees and costs. *Id.* Notably, Molosso's counsel indicated that she believed that she and defense counsel

might be able to reach resolution on some (or all) of the issues raised, but could not do so prior to the deadline for filing a motion to compel.

Since that time, Defendants filed an opposition [doc. #65] within the abbreviated deadline set by the Court. Defendants assert they have complied with all discovery obligations in this matter and have produced all responsive materials in their possession. *Id.* They also contend that an award of attorney's fees and costs is not appropriate as Defendants have fully and completely provided documents responsive to Molosso's discovery. *Id.*

Currently, there is a pending Motion for Summary Judgment [doc. #50] before the Court. Molosso's opposition is due April 4, 2025. Considering the need for a prompt ruling, no reply is necessary, and the matter is now ripe for determination.

## **Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> FED. R. CIV. P. 26(b)(1).

Under the 2015 amendment, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) (citations omitted). However, this shared responsibility to weigh proportionality is

not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.*

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.*, No. CIV A B-05, 2006 WL 2729412, at *1 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id.*

A party that receives objections to its propounded discovery may file a motion to compel the discovery responses. FED R. CIV. P. 37(a)(1). Under Rule 37(a)(1), the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

## Discussion

The undersigned will proceed to review each request and its accompanying arguments separately.

*(a) Request for Production No. 2*

Request for Production of Discovery No. 2 provides: "Request for the complete student file of Plaintiff." Molosso argues that Defendants have failed to produce all of her certifications and evaluations and failed to produce copies of the calendar submitted by Molosso during her appeals process. Defendants contend they have produced the entire student file for Molosso.

Further, Defendants assert that after reviewing Molosso's student file, they found no calendar or reference to one. After discussing the matter with Molosso's counsel, Defendants determined that "certifications and evaluations" referred to test remediation forms, which they produced. Defendants also provided Molosso's Basic Life Support certification and maintain that no other certifications or evaluations are in their possession.

The Court finds that Defendants cannot produce what they do not possess, and they appear to have already produced the documents to which Molosso refers. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 2.

*(b) Request for Production No. 3*

Request for Production of Discovery No. 3 provides: "Request for documents relating to Plaintiff's student file, including performance, awards, discipline, or academic status." Molosso again argues that Defendants failed to produce these certain documents pertaining to her academic history. Defendants contend that there are no documents responsive to awards or discipline in Molosso's student file other than records related to Molosso being non-progressive in multiple nursing classes. Those documents have been produced, as have all documents regarding performance and academic status.

The Court finds that Defendants have produced all responsive documents in their possession as to this request. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 3.

*(c) Request for Production No. 4*

Request for Production of Discovery No. 4 provides: "Request for complete student files of comparator students." Molosso argues that Defendants have not produced the full transcripts of the comparator students, which reflect their academic progression in the nursing program. Instead, the documents provided are abbreviated summaries that do not include the complete records of their dismissals and readmissions.

Defendants contend that complete student files of the comparator students have been produced. Further, Molosso never requested transcripts. However, Defendants have requested and will produce transcripts from the comparator students and will redact any non-nursing school grades which may appear in the transcript.

As Defendants have voluntarily agreed to produce the comparator students' transcripts and have otherwise complied with their discovery obligations, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED and/or DENIED AS MOOT** as to Request for Production of Discovery No. 4.

*(d) Request for Production No. 5*

Request for Production of Discovery No. 5 provides: "Request for additional documents concerning comparator students' performance, awards, counseling, discipline, or status changes." Molosso asserts that these documents have not been produced. Defendants argue that the complete student files of the comparator students have been produced.

The Court finds that Defendants have produced all responsive documents in their possession as to this request. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 5.

6

*(e) Request for Production No. 6*

Request for Production of Discovery No. 6 provides: "Requested any and all records of test scores including grading and questions / points "given back" for each test given in Semester 5, including Nursing 4067 and 4066."

Molosso argues that in the depositions taken in March of 2025, Defendants' witnesses testified to a grade adjustment procedure and related forms. After reviewing the produced documents, Molosso was unable to locate the referenced question evaluations and grade adjustment justification forms.

Defendants contend that these documents have been produced. Defendants have produced every exam for NURS 4066 and 4067 for the semester 5 comparator students and provided six detailed excel spreadsheets for every exam taken by every semester 5 student in NURS 4066 and 4067 during the 2022 spring semester. After discussing the matter with Molosso's counsel, Defendants determined that the documents in question are grade adjustment forms completed by nursing school faculty and sent to administration regarding decisions to adjust exam questions. Defendants argue that these forms were not requested and are not relevant to the case. Because faculty complete these forms while the exam software remains blind—meaning they do not know which students answered correctly or incorrectly—the forms hold no relevance. Faculty simply analyze the data and provide administration with their justification for adjusting or not adjusting an exam question.

The only documents in Defendants' possession that could be responsive to this request are the grade adjustment forms. However, as Defendants explained, faculty and administration do not knowingly award points to individual students using these forms. Instead, faculty adjust the

questions themselves without knowing which students answered correctly or incorrectly, meaning any adjustment benefits potentially benefits all students—or at least all students who answered the stricken or adjusted question incorrectly. In this case, the undersigned finds that these documents are not relevant to Molosso's claims of intentional discrimination, disparate treatment, violations of her equal protection and due process rights, intentional infliction of emotional distress, and/or breach of contract. As the undersigned appreciates the process, if an exam question was excluded, it would have been excluded for all students, and the faculty member and administration would not have known which students did or did not benefit from the exclusion or adjustment. Absent some evidence that Defendants, through the faculty or administration, actually adjusted grades for the benefit of specific students and not others (or, particularly, not for Molosso), Molosso is not entitled to production of these forms. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED** as to Request for Production of Discovery No. 6.

(f) *Request for Production No. 11*

Request for Production of Discovery No. 11 provides: "Request for video/audio of Plaintiff taking the HESI exam on March 21, 2022." Molosso argues that Defendants failed to produce the recording. Defendants contend that there are no recordings responsive to the request. Video footage from surveillance cameras on ULM's campus is maintained for only twenty-one days. The cameras also only record images and have no audio capabilities.

The Court finds that Defendants cannot produce what they do not possess. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 11.

*(g) Request for Production No. 12*

Request for Production of Discovery No. 12 provides: "Request for video/audio of a conversation between Don Simpson and Paula Griswold on May 13, 2022." Molosso argues that Defendants failed to produce the recording. Defendants contend that there are no recordings responsive to the request.

The Court finds that Defendants cannot produce what they do not possess. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 12.

*(h) Request for Production No. 14*

Request for Production of Discovery No. 14 provides: "Request for emails and text messages between named university officials discussing Plaintiff, including deleted messages." Molosso argues that while emails were partially produced, no text messages were produced. Defendants contend that there are no text messages responsive to the request. Counsel for Molosso questioned a ULM witness, and in that witness's deposition testimony, she confirmed there were no such texts.

Molosso appears to seek only the production of text messages, but Defendants have confirmed that none exist. While Molosso claims that emails were "partially produced," she does not identify any specific failure by Defendants to provide emails (or responses other than the non-existent text messages). Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 14.

9

*(i) Request for Production No. 16*

Request for Production of Discovery No. 16 provides: "Request for video/audio (in the hallway outside of the dean's office / dean's lobby inside the Kitty DeGree Nursing Building) of Wendi Bailes allegedly yelling at Plaintiff and others during May 10-12, 2022." Molosso argues that Defendants did not produce the video. Defendants contend there are no recordings responsive to the request.

The Court finds that Defendants cannot produce what they do not possess. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 16.

*(j) Request for Production No. 17*

Request for Production of Discovery No. 17 provides: "Request for documentation of interactions between ULM staff/police and Plaintiff or her husband."

Molosso argues that Defendants have not produced complete documentation of any formal or informal interactions. She specifically believes that surveillance video exists of her and/or her husband between May 10 and 13, 2021, and possibly later in May. Defendants have neither produced this video nor explained its absence.

Defendants contend that they have produced an audio recording left by Molosso on Dr. Simpson's office phone as well as pictures of Matthew Molosso's name on the caller ID on Dr. Simpson's phone. As a result of the voicemail and interactions, Dr. Simpson emailed campus police around May 13, 2022. No formal police report was ever filed. Defendants produced emails from Dr. Simpson to campus police. Defendants assert that there are no further documents responsive to the request.

10

The Court finds that Defendants cannot produce what they do not possess, and that Defendants have produced all responsive documents in their possession as to this request. Accordingly, **IT IS ORDERED** that the Motion to Compel Discovery Requests is **DENIED AS MOOT** as to Request for Production of Discovery No. 17.

## Conclusion

For the above-assigned reasons,

**IT IS ORDERED** that the Motion to Compel Discovery Responses [doc. #62] filed by Plaintiff Jeniffer Molosso is **DENIED IN PART** and **DENIED AS MOOT IN PART**.

**IT IS FURTHER ORDERED** that no attorney's fees or associated costs will be awarded.

In Chambers, at Monroe, Louisiana, on this 3rd day of April, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE