UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JENNIFER MOLOSSO** | **CASE NO. 3:23-CV-00567** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### SUPPLEMENTAL ORDER

On March 24, 2025, Plaintiff filed a Motion to Compel Discovery Responses. [doc. #62]. There is currently a pending Motion for Summary Judgment [doc. #50] before the Court, and Plaintiff's opposition is due today, April 4, 2025. Considering the time constraint, the Court ordered Defendants to file any response to the motion to compel by April 1, 2025. [doc. #64]. On April 1, 2025, Defendants filed their opposition. [doc. #65]. Due to the expedited nature of this motion, the Court issued a Memorandum Order on April 3, 2025. Plaintiff also filed a reply on April 3, 2025.[1]

As the original Memorandum Order did not address the arguments raised in the reply, the Court will do so now.

Plaintiff asserts that Dr. Donald Simpson testified during his deposition that documents related to grade appeals and readmission decisions—including notes, rationales, and explanations—are typically recorded and preserved. Plaintiff argues that Defendants should be

---

[1] Plaintiff's reply was filed on April 3, 2025, at 4:35 p.m., five minutes before the Court's Memorandum Order was entered on the record at 4:40 p.m. Due to the timing and nature of the docketing process, the reply would not have been visible to the Court or the docketing clerk prior to the time the Order was finalized in the record.

compelled to produce these documents, which have not been provided. Dr. Simpson also testified that the Academic and Admissions Committee completes forms during the readmission process that include the committee's recommendation and rationale. Plaintiff contends that Defendants have repeatedly failed to produce these forms. In addition, Ms. Marcie Young testified that a remediation form is completed with each student following a failed test and that faculty hold documented, one-on-one remediation meetings. Plaintiff participated in at least two such conferences but has only received documentation for one.

After reviewing Plaintiff's reply, the Court generally finds no basis to modify the Memorandum Order [doc. #67]. Defendants assert that they have produced Plaintiff's entire student file, and there is no indication that they have destroyed or are intentionally withholding documents. However, out of an abundance of caution, **IT IS ORDERED** that, to the extent Defendants have any of the above-referenced documents in their care, custody, and control, as part of Plaintiff's student file or in another location, such documents shall be produced **within seven (7) days** of this Order, **by April 11, 2025**.[2] **IT IS FURTHER ORDERED** that, if such documents are not available, Defendants shall, within the same time period, provide a written statement affirming that the documents do not exist.[3]

Plaintiff also requests that Defendants be ordered to explain the destruction or loss of Josh Norris' appeal and Plaintiff's calendar. The Court finds this request unnecessary. There is no

---

[2] The undersigned acknowledges that Plaintiff's opposition to the Motion for Summary Judgment is due today, April 4, 2025. If any additional documents are produced within the next seven days which are relevant to her opposition, Plaintiff may file a motion to supplement.

[3] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a).

evidence before the Court that Defendants destroyed, altered, or intentionally lost these documents. The Court relies on the integrity of its officers.

 Additionally, Plaintiff asserts that Defendants had a duty to preserve video footage from May 13, 2022. However, Defendants have previously explained that video footage is retained for only twenty-one (21) days, and they were not put on notice of Plaintiff's legal claims until August 22, 2022. Accordingly, the Court finds no basis to compel Defendants to provide an explanation regarding the absence of these materials.

 In Chambers, at Monroe, Louisiana, on this 4th day of April, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE