UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

JENNIFER MOLOSSO                               CIVIL ACTION NO. 23-567

VERSUS                                         JUDGE DONALD E. WALTER

BOARD OF SUPERVISORS UNIVERSITY                MAG. JUDGE KAYLA D. MCCLUSKY
OF LOUISIANA SYSTEM

---

### ORDER

Before the Court is a renewed motion to defer consideration of the pending motion for summary judgment (Record Document 50) pursuant to Federal Rule of Civil Procedure 56(d) filed by Plaintiff, Jennifer Molosso ("Molosso"). See Record Document 69. Molosso moves this Court to (1) "[d]efer ruling on Defendants' Motion for Summary Judgment . . . , as to all claims except Plaintiff's disability accommodation claim, to allow for targeted competition of discovery essential to the other claims;"[1] and (2) "[p]ermit Plaintiff to supplement her opposition after the necessary discovery . . . has been completed and reviewed." Id. at 2 (emphasis removed).

Rule 56(d) allows the Court to defer consideration of or deny a motion for summary judgment, to provide for additional time to obtain affidavits or declarations or to conduct discovery, or to issue other appropriate orders where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" Raby v.

---

[1] As it currently stands, the Court does not intend to issue separate orders addressing the individual claims in the pending motion for summary judgment. Any statement made by the Court in this order applies to all claims, including the disability accommodation claim.

Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)). The non-movant must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Am. Fam. Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013). But "[i]f the requesting party 'has not diligently pursued discovery . . . she is not entitled to relief' under Rule 56(d)." McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014) (quoting Beattie v. Madison Cnty. Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001)).

In its previous order, the Court, having found that Molosso did not diligently pursue discovery, granted partial Rule 56(d) relief by extending the deadline for Molosso's opposition to April 4, 2025. See Record Document 56. On March 24, 2025, Molosso filed a motion to compel discovery. See Record Document 63. Based on the upcoming opposition deadline, Magistrate Judge McClusky expedited the briefing deadlines for that order. See Record Document 64. On March 3, 2025, Molosso filed a reply for the motion to compel. See Record Document 66. That same day, Magistrate Judge McClusky filed an order denying the motion to compel. See Record Document 67. That memorandum order did not address the arguments raised in Molosso's reply. See Record Document 68 at 1. On April 4, 2025, Magistrate Judge McClusky issued a supplemental order ordering Defendants to, within seven days, either (1) produce certain documents or (2) inform the Court that such documents do not exist. See id. at 2.

The Court's conclusion regarding the lack of diligence has not changed. Nevertheless, the Court finds that the current procedural posture of the matter justifies partial Rule 56(d) relief. Specifically, the Court will permit Molosso to supplement her opposition *only if* Defendants

2

produce new documents within the seven-day deadline.[2] The Court emphasizes that this is to be a supplement, and Molosso is still obligated to file a timely opposition to the pending motion for summary judgment. Failure to do so may result in the Court finding the pending motion for summary judgment unopposed. The Court will not permit any supplement if Defendants represent that the requested documents do not exist.

For the foregoing reasons,

**IT IS ORDERED** that Molosso's Rule 56(d) motion (Record Document 69) is **GRANTED IN PART**. If Defendants failed to produce the documents identified in Magistrate Judge McClusky's supplemental order (Record Document 68), the Court will allow Molosso to file a supplement within a deadline to be determined later by the Court, and the Court will defer consideration until briefing is complete.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 4th day of April, 2025.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] At that time, the Court will determine a deadline for a supplement.