UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JENNIFER MOLOSSO** | **CASE NO. 3:23-CV-00567** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Reconsideration [doc. #70] filed by Plaintiff Jennifer Molosso. Plaintiff seeks reconsideration of the undersigned's Memorandum Order [doc. #67] and Supplemental Order [doc. #68]. Defendants Board of Supervisors University of Louisiana System, Mark Arant, and Donald Simpson oppose the motion. [doc. #73]. For the following reasons, the motion is DEFFERED IN PART and DENIED IN PART AS MOOT.

### *Background*

On March 24, 2025, Plaintiff filed a Motion to Compel Discovery Responses. [doc. #62]. Because there was a pending Motion for Summary Judgment [doc. #50] with an opposition deadline of April 4, 2025, the undersigned set an expedited briefing schedule, ordering Defendants to file any response to the motion to compel by April 1, 2025. [doc. #64]. On April 1, 2025, Defendants filed their opposition. [doc. #65]. Due to the expedited nature of this motion, the Court issued a Memorandum Order on April 3, 2025. Plaintiff also filed a reply on April 3, 2025, which was not considered because it was filed almost simultaneously with the Memorandum Order. Accordingly, the undersigned also issued a Supplemental Order [doc. #68] to address the arguments raised in the reply.

*Issues Raised and Analysis*

Plaintiff asserts that her rebuttal memorandum [doc. #66] demonstrated, through deposition testimony, that there are several categories of documents that Defendants contend that they do not possess or are not obligated to produce. She argues that the Court did not consider that evidence or arguments in the initial or subsequent orders. Specifically, Plaintiff requests that the Court reconsider its denial of the compelled production of the faculty's grade adjustment justification forms, the student/faculty remediation discussion records and related "Form B" records, and the admission committee checklists and related documents.

A.  **Faculty Grade Adjustment Justification Forms**

With regard to the faculty grade adjustment forms, Plaintiff argues that the Court should reconsider its conclusion that the forms are not relevant because the faculty completed them without knowing which students would benefit. Plaintiff argues that her Complaint alleges that the faculty grading process was arbitrary and that post-exam point adjustments were applied inconsistently, arbitrarily, and in a manner that discriminated against her. She argues further that these allegations are "rooted in [her] lived experience" and "lie at the heart of her claims" for violations of procedural due process under the Fourteenth Amendment by failing to ensure fair and consistent academic evaluation procedures, equal protection violations due to disparate treatment in her grading and appeals, and breach of contract and arbitrary academic dismissal based on her claim that she was subjected to subjective and unstandardized evaluation criteria. [doc. #70, p. 3].

She points to Ms. Young's testimony that these grade adjustments were created after exams as a result of several hours of faculty deliberations; contained written rationale for proposed point adjustments; identified the exam questions, proposed remedies, and the statistical effect on scoring;

2

and required the Program Director's approval. In contrast to her fellow students, Plaintiff contends that she was denied benefits in ways her comparators were not.

Defendants respond that the Court correctly understood the process and found that the forms were not relevant because the forms are completed when the exam software "is still blind—meaning faculty do not know which student got the question right or wrong." [doc. #73, p. 3]. They further point to raw data showing that Plaintiff received the benefit of adjusted points on every exam she took in in NURS4066 and NURS4067 and that she received the highest adjusted points on three of the six exams. In conclusion, they contend that "production of documents to show justification of the adjustment of exam questions, which do not contain student names, to prove that Molosso did receive the benefit of the grade adjustment, is not relevant or warranted." *Id.*

Plaintiff responds that the forms are discoverable to show whether the process was "fair, uniform, and consistent," regardless of who benefitted. [doc. #70, p. 4]. She further argues that the communications may reveal that the process was not as blind as the Court is led to believe.

In reaching its prior decision, the undersigned's focus was on the intentional nature of Plaintiff's discrimination claims. However, Plaintiff properly points out her other claims against Defendants based on the arbitrary, subjective, and unstandardized nature of the exam review and grading process. In order to make a fully informed decision, the undersigned DEFERS ruling on this portion of the Motion for Reconsideration and ORDERS that the documents requested as to the six exams[1] be provided to the Court for an in camera review. Those documents should be provided to the Court no later than Friday, April 25, 2025.

---

[1] Plaintiff's original request sought " . . .any and all records of test scores including grading and questions / points 'given back' for each test given in Semester 5, including Nursing 4067 and Nursing 4066." The Court's understanding, based on the briefing, is that the exams at issue are

3

B.  **Student/Faculty Remediation Discussion Records and "Form B" Records**

With regard to remediation forms, the undersigned included in her Supplemental Order, a review of the testimony of Ms. Marcie Young, who testified that a remediation form is completed with each student following a failed test and that faculty hold documented, one-on-one remediation meetings.[2]  Plaintiff participated in at least two such conferences but contended that she had only received documentation for one.  After reviewing Plaintiff's reply, the Court found no basis to modify the Memorandum Order because Defendants assured the Court that the Plaintiff's entire student file had been produced.  Nevertheless, the undersigned further ordered Defendants to produce any additional remediation forms in their care, custody, and control, regardless of whether they were part of Plaintiff's student file or in another location, by April 11, 2025.  [doc. #68].

In their opposition, Defendants detail efforts of their counsel to work with Plaintiff's counsel to address any remaining deficiencies.  They further contend that multiple remediation forms have been provided and cite to the page numbers and confirm that there are no other responsive documents.

On April 10, 2025, Defendants filed a Notice of Compliance [doc. #74].  Defendants state that they produced "[p]ost-exam remediation documents, including 'Form Bs' for NURS4066, in June 2024" and that there "are no other documents in [D]efendants' possession responsive to the request."  *Id.*

No reply or further briefing by Plaintiff has been filed.

---

from Nursing 4067 and Nursing 4066. There were six exams administered in total between the two courses.

[2] Ms. Young testified that her remediation notes should have been made part of the "permanent folder section of the School of Nursing," but she also testified that she just "deliver[s] them downstairs" and that "someone" files them, but she indicated that she does not know what the process is after she delivers them.  [doc. #66-1, p. 7].

4

Accordingly, at this juncture, it appears that all documentation has been produced, and the Motion to Reconsider is DENIED AS MOOT as to these issues.

### C. Admission Committee Checklists and Related Documents

Plaintiff also asserts that the Court misapprehended her need for admission and appeal committee documentation records. While Plaintiff has been provided her own file, she contends that Dr. Simpson testified during his deposition that each member of the ad hoc committee had a form to fill out during the readmission reviews, but she has not been provided these forms. She again either requests production of the forms or a declaration that they do not exist and whether they were destroyed or lost.

However, in their opposition, Defendants contend that their counsel agreed to produce these forms to Plaintiff's counsel. In light of that statement, the Defendants' Notice of Compliance, and the fact that Plaintiff has filed no further reply or brief, the Motion to Reconsider is DENIED AS MOOT as to these issues.

In Chambers, at Monroe, Louisiana, on this 17th day of April, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE