UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**JENNIFER MOLOSSO**                                   **CASE NO. 3:23-CV-00567**

**VERSUS**                                                         **JUDGE DONALD E. WALTER**

**BOARD OF SUPERVISORS UNIVERSITY OF    MAG. JUDGE KAYLA D. MCCLUSKY
LOUISIANA SYSTEM**

### MEMORANDUM ORDER

On April 17, 2025, the undersigned issued a Memorandum Order addressing the Motion for Reconsideration [doc. #70] filed by Plaintiff Jennifer Molosso. Plaintiff sought reconsideration of the undersigned's Memorandum Order [doc. #67] and Supplemental Order [doc. #68]. Defendants Board of Supervisors University of Louisiana System, Mark Arant, and Donald Simpson opposed the motion. [doc. #73]. The motion was largely denied in part as moot.

However, the undersigned deferred consideration on one Plaintiff's request for the Faculty Grade Adjustment Justification Forms. The undersigned ruled that the forms are not relevant because the faculty completed them without knowing which students would benefit and thus they are not discoverable.

Plaintiff argues that the Court should reconsider because her Complaint alleges that the faculty grading process was arbitrary and that post-exam point adjustments were applied inconsistently, arbitrarily, and in a manner that discriminated against her. She argues further that these allegations are "rooted in [her] lived experience" and "lie at the heart of her claims" for violations of procedural due process under the Fourteenth Amendment by failing to ensure fair and consistent academic evaluation procedures, equal protection violations due to disparate treatment

in her grading and appeals, and breach of contract and arbitrary academic dismissal based on her claim that she was subjected to subjective and unstandardized evaluation criteria. [doc. #70, p. 3].

She points to faculty member Marcie Young's testimony that these grade adjustments were created after exams as a result of several hours of faculty deliberations; contained written rationale for proposed point adjustments; identified the exam questions, proposed remedies, and the statistical effect on scoring; and required the Program Director's approval. In contrast to her fellow students, Plaintiff contends that she was denied benefits in ways her comparators were not.

Defendants respond that the Court correctly understood the process and found that the forms were not relevant because the forms are completed when the exam software "is still blind—meaning faculty do not know which student got the question right or wrong." [doc. #73, p. 3]. They further point to raw data showing that Plaintiff received the benefit of adjusted points on every exam she took in in NURS4066 and NURS4067 and that she received the highest adjusted points on three of the six exams. In conclusion, they contend that "production of documents to show justification of the adjustment of exam questions, which do not contain student names, to prove that Molosso <u>did receive</u> the benefit of the grade adjustment, is not relevant or warranted." *Id.*

Plaintiff responds that the forms are discoverable to show whether the process was "fair, uniform, and consistent," regardless of who benefitted. [doc. #70, p. 4]. She further argues that the communications may reveal that the process was not as blind as the Court is led to believe.

In the April 17, 2025 Memorandum Order, the Court acknowledged its focus on the intentional nature of Plaintiff's discrimination claims and that Plaintiff had properly pointed out she has other claims based on the arbitrary, subjective, and unstandardized nature of the exam review and grading process.

2

Given the adamant and divergent views of the parties and in order to make a fully informed decision, the Court deferred ruling on this issue and ordered Defendants to produce the six exams[1] for an in camera review no later than April 25, 2025.

Defendants complied and on April 23, 2025, produced the five available Exam Statistics and Adjustments for Exams 1, 2, and 3 for NURS4067 and for Exams 2 and 3 for NURS4066. Notably, they were unable to produce Exam 1 for NURS4066, which had been created on Ms. Young's computer. The computer caught fire following a storm in Spring of 2022.

The Court has reviewed those Exam Statistics and Adjustments and, as anticipated, they support Defendants' position that adjustments were blind. Further, these exams do not show any form of intentional discrimination or disparate treatment. Thus, they would only be relevant and hence discoverable if they somehow support her allegations that Defendants violated her procedural due process rights under the Fourteenth Amendment by failing to ensure fair and consistent academic evaluation procedures. However, the undersigned's review does not show any such evidence either. The Exam Statistics reveal only that faculty reviewed questions which a certain percentage of students answered incorrectly, then made a decision whether to adjust that question, and provided a reason for the action taken. Thus, IT IS ORDERED that the Motion for Reconsideration is DENIED.[2]

---

[1] Plaintiff's original request sought " . . .any and all records of test scores including grading and questions / points 'given back' for each test given in Semester 5, including Nursing 4067 and Nursing 4066." The Court's understanding, based on the briefing, is that the exams at issue are from Nursing 4067 and Nursing 4066. There were six exams administered in total between the two courses.

[2] It is noted that Plaintiff has already obtained discovery of the raw data and has had the opportunity to depose faculty on these issues.

In Chambers, at Monroe, Louisiana, on this 25th day of April, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE